RICHARDS *v.* CHURCH BALANCE-GEAR CO.

1. PARTNERSHIP ASSOCIATIONS—APPEAL AND ERROR—CONTRACTS —STATUTES.

The objection that a contract of hiring not signed by two managers of a partnership association, limited, is an invalid contract (2 Comp. Laws, § 6083), the execution of the agreement being specifically admitted by the defendant's plea and notice, may not be raised for the first time on error.

2. SAME—EVIDENCE.

Reversible error was not made out in the excluding by the court of answers to questions whether or not the secretary of the limited partnership ever reported to the board of managers a proviso in plaintiff's alleged contract of employment permitting him to exchange, at par, stock which defendant was to issue to him under the contract, for cash, since neither side claimed that the contract was made by the board.

3. SAME—TRIAL.

Nor was it error to refuse defendant's request to charge that there was no evidence that defendant ever contracted to take back stock issued as a part of the agreed salary, upon a record showing that the shares were issued to plaintiff as trustee, no creditor's rights being involved, defendant being solvent, and there being testimony, although it was contradicted, which tended to prove the alleged arrangement.

4. SAME —MASTER AND SERVANT —CONTRACT OF HIRING —WORK, LABOR AND SERVICES.

Where the record did not purport to contain all of the evidence, and the original contract of hiring was for a year, at the end of which time, plaintiff claimed, the parties renewed it, and the evidence tended to show that both parties understood the contract was for a definite term, no error was committed in charging the jury that the contract was for a definite period and continued to the end of the year for which plaintiff sought to recover.

5. NEW TRIAL—NEWLY DISCOVERED EVIDENCE.

The court properly denied a motion for a new trial supported by affidavits that one of defendant's witnesses had, since the trial, discovered a diary and memorandum that had refreshed his recollection and would have an important bearing upon the issue.

Error to Kent; McDonald, J.    Submitted April 14, 1911.    (Docket No. 44.)    Decided July 5, 1911.

Assumpsit by J. Frank Richards against the Church Balance-Gear Company, Limited, upon a contract of hiring and on the common counts.    Judgment for plaintiff.    Defendant brings error.    Affirmed.

*Kleinhans & Knappen*, for appellant.

*Charles E. Ward*, for appellee.

Plaintiff's amended declaration contains the common counts in assumpsit and a special count, wherein it is alleged that on July 1, 1908, he entered into a contract with defendant, by the terms of which he was to be employed by defendant for one year from said date, at a salary of $2,400, payable in monthly installments; that it was agreed that defendant should issue to him one share of its stock in addition to said salary; that he should draw his salary at the rate of $125 monthly, the remaining $75 to be credited to him in stock of defendant at par, which was $100 per share; that at the end of the year, or of plaintiff's employment, he might elect to receive cash, instead of stock.    It is alleged further that at the end of the year the said contract of employment was renewed for another year, and plaintiff was thereafter employed until December 16, 1909, when, without cause, defendant, against the protest of plaintiff and his claim that he was hired until July 1, 1910, notified and required plaintiff to discontinue his services; that defendant paid plaintiff $125 monthly to and including November, 1909; issued to him the one share of stock; issued to him seven other shares of stock; and, on February 1, 1910, he tendered such stock to defendant, electing to draw his entire salary in cash.    Items of his bill of particulars are the monthly balances of salary for the months of July, 1908, to and including January, 1910; the total being $1,675.

Defendant, which is a partnership association, limited, and successor to a similar organization, with its plea of

the general issue, gave notice that Holson Motor Patents
Company, Limited, of which it is the successor, entered
into a contract with plaintiff, the terms of which are stated
as plaintiff in his declaration states them, with the excep-
tion that no option to take cash, instead of stock, is in-
cluded; that performance of the contract was begun July
1, 1908, and that the employment was continued without
any subsequent agreement until December 31, 1909, when
it was terminated.   Plaintiff was paid in cash $2,125, and
there were issued to him nine shares of stock, of a value of
$900, and six other shares of stock were issued and offered
to him and refused; in this way defendant has paid, and
offered to pay, $3,625.   Plaintiff is indebted to defendant
in the sum of $1,692.75, the items of which account are
the 15 shares of stock and certain other items stated; one
of them, of $17.15, being, however, withdrawn at the
trial.

At the trial there was a verdict and judgment in favor
of plaintiff of $1,536.48.   Defendant moved for a new
trial, which was refused.

With the bill of exceptions, there are assignments of
error, 13 in number.   None of them appear to be specifi-
cally referred to in the brief for appellant.   The excep-
tions to which the record refers us relate to the rejection
of certain testimony of the witness M. Clay Church, re-
fusals to charge as requested, the charge of the court, and
those following the refusal of a new trial.

The propositions discussed in the brief for appellant are:

" (1) The contract was invalid and was not properly ex-
ecuted in behalf of defendant.
" (2) The testimony of M. Clay Church was admissible
as showing no action by the defendant company
" (3) The contract was for an indefinite period of time
at a yearly salary.
" (4) A new trial should have been granted because of
testimony discovered subsequent to the trial."

OSTRANDER, C. J. ( *after stating the facts* ).   1. The
first proposition is based upon the statute (2 Comp. Laws,

§ 6083) and upon a supposed failure of the testimony to prove that the contract of hiring was signed by two managers of the defendant association. We are not referred to any ruling upon the subject, and have found in the record no reference to any such defense. On the contrary, the notice given with the plea admits a contract of hiring. Raised for the first time in this court, the point is not open for consideration.

2. The witness M. Clay Church, who was secretary of defendant, was asked:

"*Q*. Whether or not at any meeting of that board [ meaning defendant's board ] there was brought up the question of Mr. Richards, under any contract he might have, having a right to tender back his stock and receive cash for it."

And again:

"With your honor's permission, I want to ask this witness the same question with reference to the year 1909; whether the matter of Mr. Richards having a right to surrender his stock received as a part of his salary and take cash for it was ever brought before the board."

Answers were excluded. The trial proceeded upon the theory that a contract of hiring had been made, but no one claimed it was made by the board. One of the terms of the contract, as stated by plaintiff, was disputed. Certain correspondence was in evidence and indicated some of the terms of the contract. Defendant's officers, or some of them who made the contract, were available as witnesses and gave testimony. Mr. M. B. Church, who negotiated the contract of hiring, testified, and his testimony is undisputed, that he never reported the matter of the option of plaintiff to take cash instead of stock to the board, and never said anything about the matter to any member of the board. Under the circumstances, we think reversible error is not made out.

It may be said, also, although the point is merely stated and not argued, that it was not error to refuse to give defendant's request that there was no evidence that defend-

ant ever contracted to take back stock issued as a part of his salary. The cases of *Wilbur* v. *Stoepel*, 82 Mich. 344 (46 N. W. 724, 21 Am. St. Rep. 568), and *Scripps* v. *Sweeney*, 160 Mich. 148, 163 (125 N. W. 72), are not in point here. Plaintiff alleges, and defendant admits, a contract with the defendant. The testimony tends to prove a conditional purchase of shares in accordance with the contract, and that they were issued to plaintiff as "trustee." There is involved no theory of a private contract between one of the partners and the plaintiff. The rights of general creditors of defendant are not involved, nor the solvency of defendant. See *McIntyre* v. *E. Bement's Sons*, 146 Mich. 74 (109 N. W. 45).

3. Defendant asked that the jury be instructed that the contract was one at will and defendant not liable for any salary after January 1, 1910. The court ruled that the contract of hiring was a contract from year to year, and not one for an indefinite period, and that it terminated July 1, 1910, unless plaintiff was sooner discharged for cause. It is said there is no testimony that the hiring was for a year. It does not appear that the record contains the substance of all the testimony given upon the trial. Clearly the declaration asserts, and the notice of special matter of defense admits, that the original contract was for a period of one year from and after July 1, 1908. It is said in argument that it was permissible to amend the notice to agree with the testimony, and that the position of counsel for defendant amounted to an amendment; at least excused the failure to offer to make a formal amendment. We cannot assume that, if defendant had indicated upon the trial the desire to amend the notice of its defense, plaintiff would not have supplied, for the court and jury, additional evidence in support of his theory that the contract was for a definite period. We find in the record considerable testimony tending to prove that the parties understood that the hiring was for a definite period. Some of it, it is true, indicates that plaintiff desired a permanent position, and a mutual desire that both parties

would find it agreeable to renew the arrangement at the end of the year upon the same or upon other terms. We find no testimony tending to prove that it was the understanding of either party that the contract might be terminated at the will of either, except that showing the action of defendant in dismissing the plaintiff.

4. Matter, other than that arising upon the trial, advanced as a reason for a new trial, was newly discovered evidence. It was set up in an affidavit. Plaintiff filed a counter affidavit. It is apparent from these affidavits that if the matters contained therein should be given in evidence upon a new trial an issue of fact would arise thereon relating wholly to the amount of the salary agreed to be paid to plaintiff. We think the court was not in error in finding that the explanation made by plaintiff was not materially inconsistent with the testimony given by him at the trial. The showing that the defendant's witness M. B. Church has since the trial found a daily diary and memorandum in several books which refresh his recollection, and that "the said diaries and memoranda have a very important bearing upon the issues in said case, and their production will, he believes, bring about an entirely different result in case a new trial is granted," presents no reason for granting a new trial.

The judgment is affirmed.

BIRD, HOOKER, BLAIR, and STONE, JJ., concurred.